# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORACE BELL, | CASE NO: 1:10-cv-01346-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION, THREE STRIKES AND RULE 11(b)(3) VIOLATION |
| v. | |
| J. Dikin, et al., | (Docs. 1, 4, 12) |
| Defendants. / | |

**I. Exhaustion Requirement**

Horace Bell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 27, 2010, Plaintiff filed his original complaint. On page two of the form complaint, Plaintiff alleges that there is a grievance procedure available at his institution, but that the grievance process is not completed due to delay in processing the appeals. (Doc. 1, Comp., p. 2). On August 5, 2010, Plaintiff filed an amended complaint in which he states that "some" of the process of pursuing administrative remedies is complete. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when

1  there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

2  Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524). Plaintiff states in his complaint that he has not exhausted administrative remedies because the appeal process is "almost unavailable," because there is "widespread corruption, dishonest and misleading statements" and Plaintiff has "no other speedy adequate [sic] remedy at law." However, "[a]ll 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 n.5). Moreover, conclusory allegations fo a corrupt system is not enough to excuse Plaintiff from the requirement of exhausting administrative remedies. It does not appear to the Court that Plaintiff has exhausted his administrative remedies at the time of filing this action.

**II. Three Strikes**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful evaluation of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

A review of the record of actions filed by Plaintiff in the United States District Court and appeals filed in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted. The Court takes judicial notice that the Plaintiff has two prior actions dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) for not stating a cognizable claim under section 1983. Those cases are: *Bell v. Harrington, et al.*, 2:09-cv-08808-UA-RC (PC) (C.D. Cal.) (dismissed December 30, 2009, for failure to state a claim under *Heck*) (strike one) and *Bell v. Harrington, et al.*, 2:10-cv-00421-UA-RC (PC) (C.D. Cal.) (dismissed February 24, 2010, for failure to state a claim under *Heck*) (strike 2). The Court finds that a dismissal pursuant to *Heck* counts as a strike under 28 U.S.C. § 1915(g). The Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Additionally, several other courts have held that dismissals under *Heck* count as strikes under 28 U.S.C. § 1915(g). *See e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim.").

Moreover, a prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

(quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that *Bell v. Harrington, et al.*, 2:10-cv-00421, was merely duplicative of a previous suit dismissed for failure to state a claim and thus the action is also frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g).[1] However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it constitutes as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (finding a strike under section 1915(g) to include when a trial court denies a request to file an action without prepayment of the filing fee on the ground that complaint is frivolous and then subsequently dismisses the action). Moreover, section 1915(e)(2) requires appellate courts to dismiss all frivolous appeals. 28 U.S.C. § 1915(e)(2); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (observing requirement for appellate and trial courts in 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A ); *see also Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). The Court finds that appellate cases *Bell v. Flippo, et al.*, No. 10-15186 (9th Cir. 2010) (dismissed June 2, 2010) (strike 3) and *Bell v. Shapiro*, *et al.*, No. 10-55278 (9th Cir. 2010) (dismissed July 13, 2010) (strike 4), were frivolous appeals and they count as a strikes under Section 1915(g). In *Flippo*, in an order dated April 16, 2010, the Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis due to the court's finding that the appeal was frivolous. On June 2, 2010, Plaintiff's appeal was dismissed for failure to prosecute. Similarly in *Shapiro*, the appellate court found in its order dated June 12, 2010, that the appeal was frivolous and consequently denied Plaintiff's motion to proceed in forma pauperis. Since Plaintiff failed to timely

---

[1] The Court takes judicial notice of *Bell v. Harrington et al.*, 2:10-cv-03599 (C.D. May 20, 2010) where the court notes the alias names of Horace Bell, Horace Andrew Bell and his true name Horace Thomas and on June 7, 2010, Plaintiff was declared a vexatious litigant with regards to repeat filings of the same habeas case. Plaintiff demonstrates a pattern of abusive litigation practice. Plaintiff has on more than one occasion brought an action to the point of trial and then failed to prosecute the case. In *Thomas v. Barrett*, 2:94-cv-02264-JMI-SH, Plaintiff "Horace Thomas" litigated the case until the pretrial conference and on May 16, 1995, the action was dismissed for failure to prosecute. In *Bell v. Scicluna*, 2:95-cv-02217, after litigating the case for nearly four years, the Plaintiff "Horace Bell" refused to attend the trial confirmation hearing and stated to the court that he refused to testify and sought to withdraw his complaint. *Bell v. Scicluna*, 2:95-cv-02217 (Doc. # 101, Findings and Recommendations, May 5, 1999). The action was ultimately dismissed on July 13, 1999, for failure to prosecute.

submit a filing fee payment for his frivolous appeal, the appellate court dismissed the case for failure to prosecute on July 13, 2010.

It appears to the Court that Plaintiff became subject to section 1915(g) on June 2, 2010, and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

**III. Rule 11(b)**

In violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff files this action under an alias name "Horace Bell" when, in fact, his true name is "Horace Thomas."[2]  Also in violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure, Plaintiff falsely states in his original complaint that he has only one previous or pending lawsuit in addition to this case.  In his amended complaint, Plaintiff leaves the number of prior/pending lawsuits blank, however, only lists two defendants as parties to a previous suit which obfuscates the fact that Plaintiff has filed several suits.  Rule 11(b) (3) states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

Plaintiff has filed over twenty-five other civil suits under his real name and alias names. Plaintiff currently has four other section 1983 cases open in this district, and has recently been declared a vexatious litigant on May 20, 2010, in the Central District Court case *Bell v. Harrington et al.*, 2:10-cv-03599.  Plaintiff's failure to provide accurate information about previous lawsuits interferes with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma

---

[2] See note 1 above.

pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11). It is apparent from Plaintiff's history of litigation and use of a false name even in this case that his misrepresentation and omissions regarding the number of previous and pending lawsuits in the complaint is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is proceeding in forma pauperis, the Court finds that monetary sanctions would be inappropriate and finds that the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

**IV. Conclusion**

Plaintiff admittedly has not completed the grievance process prior to initiating this action. It appears that the Plaintiff has on three prior occasions brought civil actions and appeals that have been dismissed as frivolous or for failure to state a claim. Furthermore, it appears that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure. Based on the above, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the action should not be dismissed without prejudice for failure to exhaust administrative remedies.

2. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions and appeals do not count as "strikes" under 28 U.S.C. § 1915(g) and why the granting of in forma pauperis status should not be revoke.

///
///
///
///
///

3. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why filing under a false name and the false statement of prior litigation in Plaintiff's complaint does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure and why this action should not be dismissed without prejudice as the appropriate sanction for violating Rule 11(b)(3).

IT IS SO ORDERED.

Dated:    December 30, 2010

UNITED STATES MAGISTRATE JUDGE